**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JAMES C. STRADER**,

                          **Petitioner**,

            v.                                 **CASE NO. 21-3184-SAC**

**STATE OF KANSAS**,

                          **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] For the reasons explained below, the Court dismisses this matter for lack of jurisdiction.

**Background**

Petitioner was convicted in Reno County District Court of aggravated kidnapping, rape, and aggravated burglary. *State v. Strader*, 2007 WL 2992402, at *1 (Kan. Ct. App. 2007), *rev. denied* April 23, 2008. The Kansas Court of Appeals affirmed his convictions in 2007 and the Kansas Supreme Court denied review in 2008. *Id.* In July 2019, Petitioner filed in this Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Strader v. Kansas*, 798 Fed. Appx. 222, 223 (10th Cir. 2019). On October 2, 2019, the

---

[1] With his petition, Petitioner filed a letter that, liberally construed, appears to seek recusal of the undersigned due to "a conflict of interest." (Doc. 2.) Petitioner does not allege any specific facts to support the assertion of a conflict of interest, so the request for recusal is denied.

Court dismissed the petition as time-barred. *Strader v. State*, Case No. 19-cv-3137-SAC, 2019 WL 4858308 (D. Kan. Oct. 2, 2019). Petitioner appealed to the United States Court of Appeals for the Tenth Circuit, which on December 30, 2019 denied his request for a certificate of appealability and dismissed the appeal. *Strader*, 798 Fed. Appx. at 222-23.

**Rule 4 Review of Petition**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254.

**Discussion**

The Court has conducted a preliminary review of the petition and attached exhibits and finds that this matter is a second application for habeas corpus. The first application was adjudicated in *Strader v. State*, Case No. 19-cv-3137-SAC.

Before a petitioner may proceed in a second or successive application for habeas corpus relief, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Where a petitioner fails to obtain the prior authorization, a federal district court must dismiss the matter or, "if it is in the interest of justice," transfer the petition to the court of appeals for possible authorization. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). Factors the Court considers when deciding whether a transfer is in the interest of justice include "whether the claim would be time barred if filed anew in the proper

forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith." *Id.* (citing *Trujillo v. Williams*, 465 F.3d 1210, 1223 n. 16 (10th Cir. 2006)).

Petitioner asserts three grounds for relief in his current petitions:  (1) he is innocent, as shown by the lack of DNA evidence and fingerprints linking him to the crimes of conviction; (2) the State of Kansas improperly "tampered with" his criminal appeals; and (3) K.S.A. 19-2609 requires removal of the judge who presided over is trial and other involved state officials.

The Court finds that it is not in the interest of justice to transfer this case to the United States Court of Appeals for the Tenth Circuit. First, Petitioner's claims appeared to be time-barred, as were the claims in his earlier § 2254 petition. Second, his claims are not likely to have merit. Under 28 U.S.C. § 2244(b)(2), the Court shall dismiss claims presented in a second or successive § 2254 application unless

> (A) the applicant shows that the claim relies on anew rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

None of Petitioner's grounds for relief meet these criteria. In addition, his third ground for relief is based solely on state

law, and "[f]ederal habeas relief does not lie for errors of state law." *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Thus, the Court finds that transferring the matter to the Tenth Circuit would not be in the interest of justice. Petitioner may seek authorization by applying to the Tenth Circuit.

The Court also concludes that its procedural ruling in this matter is not subject to debate among jurists of reason and declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS THEREFORE ORDERED** that this matter is **dismissed** as an unauthorized second or successive petition under 28 U.S.C. § 2254, which this Court lacks jurisdiction to consider. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 19th day of August, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge